UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Search Regarding<br><br>25-131-04 | No. 4:25-mj-132<br><br>**AFFIDAVIT IN SUPPORT OF APPLICATION SEARCH WARRANT**<br>"REDACTED" |

STATE OF SOUTH DAKOTA )
           :SS
COUNTY OF MINNEHAHA )

  I, Brian Goulart, being duly sworn on oath, depose and say:

  1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigation (HSI), in Sioux Falls, South Dakota and have been duly employed in this position since September 2018. I am a graduate of the Criminal Investigator Training Program and ICE Special Agent Training Program at the Federal Law Enforcement Training Center.

  2. Previously I was employed as a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol, in San Diego, California, from February 2008 till September 2018.

  3. As a Special Agent one of my responsibilities is investigating civil and criminal violations of the Immigration and Nationality Act (INA). I have led and assisted with numerous investigations into violations of the INA and I am familiar with the provisions of Title 8 and Title 18 of the United States Code.

  4. I respectfully submit this affidavit in support of an application for a warrant to search for and seize instrumentalities, fruits, and evidence of violations of [REDACTED].

  5. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me

concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of United States Code are located at the premises mentioned in this affidavit.

6. I have received information from other law enforcement officers and sources of information by either verbal or written report. The officers and sources providing information may have received the information by way of personal knowledge or from another source.

## TRAINING AND EXPERIENCE

7. It is my knowledge and experience that a reasonable person maintains identity documents such as birth records, passports, identification cards and Social Security cards on their person or in the security of their home or vehicle.

8. It is my training and experience that illegal aliens purchase fraudulent identities to elude detection from law enforcement and obtain employment in the United States. I have investigated and arrested dozens of illegal aliens for fraudulently assuming the identity of other persons and/or using the Social Security numbers of other individuals.

9. It is my training and experience that illegal aliens will purchase fraudulent immigration documents, identification cards, driver's licenses and Social Security cards for a low nominal fee, such as $100. These documents are generally poorly manufactured and easily identifiable by a trained law enforcement officer and database checks.

10. It is my training and experience that illegal aliens will purchase true identities of United States citizens, such as genuine birth certificates and genuine Social Security cards for approximately $1,000-$2,000 a set. Upon purchase of these documents the alien can also apply for and receive state issued identification in a United States citizen's name. These types of true name imposters are extremely difficult to detect. One of the only ways to detect these imposters is to search their fingerprints for prior criminal or immigration arrests.

11. It is my experience that illegal aliens who use fraudulent documents almost always maintain their fraudulent documents in a place that they consider secure and where they are readily accessible. Such persons rarely, if ever, dispose of their fraudulent documents after they have been used to secure employment. Most frequently, these documents are kept within the privacy and security of their home or vehicle. This is a common practice among illegal aliens in order to avoid the confiscation of their fraudulent documents by law enforcement.

12. It is my experience that illegal aliens almost always maintain legally

issued documents from their native country, such as passports, consular cards, cedulas and birth certificates, in a place that they consider secure and where they are readily accessible. Most frequently, these documents are kept within the privacy and security of their home or vehicles. It is a common practice among illegal aliens to not carry their legally issued foreign documents on their person because they frequently use aliases.

13. Based on my training and experience I know individuals normally maintain records of their financial activity, such as receipts for expenditures by cash and check, bank records, and other financial documents, in their personal residences. Furthermore, individuals engaged in an income-producing business keep records of the financial activities of the business for numerous reasons and often use accountants to complete financial statements and tax returns for their business and personal returns.

14. Based on my training and experience I know persons engaged in criminal activity often maintain such records for long periods of time, particularly when they are involved in ongoing criminal conduct over a long period of time. There are many reasons why criminal offenders maintain evidence for long periods of time. The evidence may be innocuous at first glance (e.g. financial, credit card and banking documents, travel documents, receipts, documents reflecting purchases of assets, personal calendars, telephone and address directories, check books, videotapes and photographs, utility records, ownership records, letters and notes, tax returns and financial records, escrow files, telephone and pager bills, keys to safe deposit boxes, packaging materials, computer hardware and software), but have significance and relevance when considered in light of other evidence. The criminal offender may no longer realize he/she still possesses the evidence or may believe law enforcement could not obtain a search warrant to seize the evidence. The criminal offender may also be under the mistaken belief that he/she has deleted, hidden or further destroyed any computer-related evidence, but which may be retrievable by a trained forensic computer expert.

15. I know that computers and electronic storage devices may be important to a criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, instrumentalities, or fruits of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. In this case, the warrant application requests permission to search and seize electronic storage devices and their contents to include but not limited to computers.

16. Based upon my knowledge, training and experience, I know that searching and seizing information from electronic storage devices often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a laboratory

or other controlled environment.

17.     Additionally, if upon arriving at the scene, the agents executing the search conclude that it would be impractical to search the electronic storage devices on-site for this evidence, I hereby request the Court's permission to seize the electronic storage devices and associated peripherals that are believed to contain some or all of the evidence described in the warrant, and to conduct an off-site search of the electronic storage devices for the evidence described.

18.     I have been advised that INA 287(a)(1), 8 USC 1357(a)(1) states that, without a warrant, any officer or employee of the Department of Homeland Security authorized under regulation prescribed by the Attorney General has the authority to interrogate any alien or person believed to be an alien as to his right to be or to remain in the U.S.

19.     I have further been advised that, INA 287(a)(2), 8 U.S.C. § 1357(a)(2) states that, without a warrant, any officer or employee of the Department of Homeland Security has the authority to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien shall be arrested without unnecessary delay for examination before an officer of the Department of Homeland Security having authority to examine aliens as to their right to enter or remain in the United States.  8 CFR 287.5(c) delineates which immigration officers have the power to arrest under 287(a)(2), including special agents.

## LOCATION TO BE SEARCHED

20.     Through this affidavit, I am requesting search warrants be issued for the following:



[4]



**PROBABLE CAUSE AND STATEMENT OF FACTS**

21.

22.

23.



24.

25.



26.

27.

28. I viewed DHS Form I-130, Petition for Alien Relative, in which

[6]



29.

30.



31.

32.

33.

34.

35.

36.

37. ████████████████████████████████████████

38. ████████████████████████████████████████

39. ████████████████████████████████████████

40. ████████████████████████████████████████

41. ████████████████████████████████████████

████████████████████████████████████████

42. ████████████████████████████████████████

43. ████████████████████████████████████████

44. ████████████████████████████████████████

45. ████████████████████████████████████████

46. ████████████████████████████████████████





47.

48.

[11]



49. [REDACTED]

50. [REDACTED]

51. [REDACTED]

52. [REDACTED]

53. Based upon my experience and training, consultation with other law enforcement officer's familiar with the sale of fraudulent United States documents, and the facts set forth herein, I believe the items to be seized set forth in Attachment B are likely to be found in the location(s) to be searched described in Attachment A.

54. It is requested that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the flight of fugitives, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers, federally

deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

_____
Brian Goulart, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed to telephonically on the __17th__ day of June 2025.

_____
VERONICA L. DUFFY
United States Magistrate Judge

[13]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding

25-131-04

Case No. 4:25-mj-132

**ATTACHMENT A**   "REDACTED"

**DESCRIPTION OF PROPERTY TO BE SEARCHED**

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (**TARGET LOCATION**) the residence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is more particularly described as a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮s located on a property with one (1) ▮▮▮▮▮, which is located approximately 750 feet south of the intersection of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ faces southwest and is located on the far east side of property. There are no numbers listed on the ▮▮▮▮.



3. Any garages, storage units or outbuildings that are associated with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

4. All vehicles under the control of ▮▮▮▮▮▮▮▮▮▮ during the service of the warrant; and

5. The following vehicles which are registered to ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ at **TARGET LOCATION**:



[2]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Search Regarding<br><br>25-131-04 | Case No. ___4:25-mj-132___<br><br>**ATTACHMENT B**   "REDACTED" |

**DESCRIPTION OF PROPERTY TO BE SEARCHED FOR AND SEIZED**

**1.** **Person and Property to be seized:**

   a. ███████ ████████████████████;

   b. Any and all identity documents, foreign or domestic, to include but not limited to birth certificates, passports, identification cards, driver licenses or social security cards;

   c. Any and immigration documents, to include but not limited to cards, receipts, correspondence or other papers;

   d. Checks, money orders, traveler's checks, cashier's checks, coins, and international account numbers, and any other financial devices;

   e. Records, vouchers, ledgers, postal receipts, courier receipts, carbon copies, invoices of business transactions relating to the manufacture, sale, and/or transfer of false INS, DHS, or other governmental documents;

   f. Lists, books, booklets, letters, envelopes, binders, tablets, and notepads containing names, social security numbers, dates of birth, addresses, and telephone numbers;

   g. Any and all items that would tend to identify persons who acted as facilitators or co-conspirators in acts of conspiracy, fraud, and related activity in connection with identification documents, fraud and misuse of visas, permits, and other documents, including but not limited to, bank records, utility bills, personal phone directories, phone numbers stored in cell phones, phone bills, receipts, leases, and mail;

   h. Travel documents and correspondence, both domestic and foreign,

        relating to the smuggling arrangements and itineraries used by the defendant;

i.    Lists containing names of associates and arrangers involved in bringing in the defendant to the United States;

j.    Documents showing possession, dominion, and/or control of premises located at the residence to be searched, including utility statements, telephone statements, correspondence and rental or lease agreements relating to the premises to be searched;

k.    Any and all correspondence relating to the employment of ███ ███████████████████████████

l.    Any and all correspondence relating to the employment of ███ ███████████████████████████ and

m.    Any and all persons present at the residence, to include their biographical and biometric information.

[2]